J-S17044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ENMANUEL DELACRUZ-SANTOS | : | |
| | : | |
| Appellant | : | No. 26 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000197-2020

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 25, 2021**

Emmanuel Delacruz-Santos (Delacruz-Santos) appeals from the judgment of sentence imposed in the Court of Common Pleas of Schuylkill County (trial court) after his jury conviction of Theft by Unlawful Taking, Receiving Stolen Property and Harassment.[1]  He challenges the discretionary aspects of sentence, arguing that the court abused its discretion in applying the deadly weapon enhancement.  We affirm.

We take the following factual background and procedural history from our independent review and the trial court's January 3, 2021 opinion.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921(a), 3925(a) and 2709(a), respectively.  The jury found him not guilty of Robbery, 18 Pa.C.S. § 3701(a)(1)(ii) and (v), and Terroristic Threats, 18 Pa.C.S. § 2706(a)(1).

trial court describes the facts adduced at trial, which are not in dispute, as follows:

> [Delacruz-Santos] was accused of confronting Fernando Ortega [(Ortega)] in the employee parking lot at the business where they both worked. [Delacruz-Santos] suspected Ortega of going out with [Delacruz-Santos]'s wife. [Delacruz-Santos] had a weapon in his hand and demanded Ortega to turn[]over Ortega's cellphone. He then hit Ortega with the [weapon] on the back of his head and tried to get Ortega into [Delacruz-Santos]'s car. When Ortega resisted, [Delacruz-Santos] left with the phone. Later that day, [he] returned to the business site and gave the cellphone to the office manager, informed the manager that he was quitting, and left the scene.
>
> Wilbin Colon [(Colon)], who had ridden to work with Ortega testified that he saw [Delacruz-Santos] approach Ortega with a pistol in his hand. He saw [Delacruz-Santos] hit Ortega in the head with the pistol and demand that Ortega give him the cellphone. Afterward, [Delacruz-Santos] tried to get Ortega into [Delacruz-Santos]'s car, saying that he and Ortega had something to talk about. When Ortega refused, [Delacruz-Santos] left with Ortega's phone.

(Trial Court Opinion, 12/21/20, at 1-2).

The jury convicted Delacruz-Santos of Theft by Unlawful Taking, Receiving Stolen Property and Harassment and acquitted him of Robbery[2] and Terroristic Threats. The trial court ordered a Presentence Investigation Report (PSI). At the November 18, 2020 sentencing hearing, there was a question about use of the deadly weapon used enhancement. The court found, by a

---

[2] "A person commits robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

preponderance of the evidence, that Delacruz-Santos used a handgun in committing the theft and it sentenced Delacruz-Santos to a term of not less than six nor more than twelve months' incarceration on the charge of Theft by Unlawful Taking, plus a $100.00 fine on the Harassment charge. Receiving Stolen Property merged for sentencing purposes.

Delacruz-Santos filed a post-sentence motion challenging the court's use of the deadly weapon enhancement. He argued that by finding Delacruz-Santos not guilty of robbery, the jury found he did not use a weapon when he took Ortega's cellphone and, therefore, the court was invading its province as factfinder. The court denied the motion and Delacruz-Santos timely appealed. He has complied with Rule 1925. *See* Pa.R.A.P. 1925(b).

On appeal, Delacruz-Santos again challenges the court's application of the deadly weapon used enhancement at sentencing. (*See* Delacruz-Santos's Brief, at 6-7). This issue challenges the discretionary aspect of sentence,[3]

---

[3] Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

which is a request for permission to appeal. *See Commonwealth v. Tavarez*, 174 A.3d 7, 9-10 (Pa. Super. 2017).

> Before we address the merits of this claim, we must first ascertain:
>
> (1) Whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Id.* at 10 (citation and bracketing omitted).

Here, Delacruz-Santos filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included a concise statement of reasons for allowance of appeal pursuant to Rule 2119(f) in his brief. *See* Pa.R.A.P. 2119(f). In his Rule 2119(f) statement, Delacruz-Santos asserts that the trial court abused its discretion in applying the deadly weapon used enhancement, which raises a substantial question. *See Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). Therefore, we will review the merits of his claim.

As previously stated, Delacruz-Santos argues that because the jury did not find him guilty of robbery, the court abused its discretion in applying the deadly weapon used enhancement to his sentence. He posits that because no weapon was recovered, the evidence did not prove it existed and, "[b]y adding the weapons enhancement to [his] sentence, the court determined he committed robbery, of which he was acquitted." (Delacruz-Santos's Brief, at

7; (*see also id.* at 12-13) (arguing enhanced sentencing factors "should be determined by the jury before sentence is imposed based upon acquitted conduct.").

Delacruz-Santos appears to confuse the deadly weapons enhancement with mandatory minimum statutes. The deadly weapon enhancement provisions of the Sentencing Guidelines provide that an enhancement "shall apply to each conviction offense for which a deadly weapon is possessed or used." 204 Pa. Code § 303.10(a)(4). The "used" enhancement provides:

> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:
>
> (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
>
> (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
>
> (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2). To establish use of a deadly weapon under this provision, the record must show that the defendant used a weapon to threaten or injure the victim while committing the particular offense. *See, e.g.*, *Commonwealth v. Shull*, 148 A.3d 820, 831 (Pa. Super. 2016) (weapon used enhancement proper where defendant displayed bb gun to victim during attack); *Commonwealth v. Chapman*, 528 A.2d 990, 991–92 (Pa. Super.

1987), *appeal denied*, 536 A.2d 1328 (Pa. 1987) (holding trial court properly applied deadly weapon used enhancement where defendant held straight razor in plain view while robbing victim, despite claiming he never employed razor as explicit threat).

In **Alleyne v. United States**, 570 U.S. 99 (2013), the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, at 103. In interpreting that decision, the courts of this Commonwealth have determined that most mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

However, "[t]he imposition of the deadly weapon sentencing enhancement does not implicate the Supreme Court of the United States' holding[] in **Alleyne**[.]" **Shull**, **supra** at 830 n.6; **see also Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014) (explaining that imposition of deadly weapon enhancement still provides trial court with discretion to sentence outside guideline range and, therefore, does not implicate concerns of **Alleyne**).

Despite the foregoing, Delacruz-Santos maintains that in this instance, the jury found that no handgun was used, and that the trial court was precluded from finding to the contrary and, practically speaking, invading the province of the jury to convict him of robbery. However, this Court has expressly rejected the claim that "consideration of acquitted conduct in regard to the application of the deadly weapon used enhancement" constitutes an abuse of discretion. *See Commonwealth v. Stokes*, 38 A.3d 846, 861 (Pa. Super. 2011);[4] *see also id.* at 863 ("an acquittal does not prevent a sentencing judge from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.") (citation and internal quotation marks omitted).

In this case, the record supports the trial court's factual finding that the Commonwealth showed, by a preponderance of the evidence, that Delacruz-Santos used a deadly weapon. (*See* N.T. Trial, 10/23/20, at 16 (Ortega testifying Delacruz-Santos hit him in the head with a weapon before taking cellphone; Colon testifying he saw Delacruz-Santos hit Ortega in the head with a pistol and taking cellphone). The application of the deadly weapon used sentencing matrix did not increase Delacruz-Santos's maximum or minimum penalty; instead, it suggested higher sentences that the trial judge was

---

[4] In **Stokes**, this Court also addressed judicial fact-finding in application of a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712. That portion of the opinion is no longer good law in light of **Alleyne, supra**.

mandated to consider but was free to reject. Accordingly, the trial court did not abuse its discretion in considering the recommendations of the deadly weapon used sentencing matrix in sentencing Delacruz-Santos. *See Zirkle*, *supra* at 132.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/25/2021